Per Curiam:
The contract in this case, respecting the language of the final release upon the completion of the vessel and the payment of the reserve therein mentioned, is the same as in the case of United States v. Cramp and Sons (206 U. S., 118), wherein the court said:
“The sixth clause of this paragraph makes special provision for the last payment, to be made 'when all the conditions, covenants, and provisions of said contract shall have *219 been performed and fulfilled by and on the part of the party of the first part,’ and ‘ on the execution of a final release to the United States in such form as shall be approved by the Secretary of the Navy, of all claims of any kind or description under or by virtue of said contract.’ Evidently the parties contemplated and specially provided by this stipulation that the whole matter of the contract should be ended at the time of the final release and the last payment. That which was to be released was ‘ all claims of any kind or description under or by virtue of said contract.’ Manifestly, included within this was every claim arising not merely from a change in the specifications, but also growing out of delay caused by the Government. The language is not alone ‘ claims under,’ but„‘ claims by virtue ’ of the contract — ‘ claims of any kind or description.’ All the claims for which allowances were made in the judgment of the Court of Claims come within one or the other of these causes. It may be that, strictly speaking, they were not claims under the contract, but they were clearly claims by virtue of the contract. Without it no such claims could have arisen. Now, it having been provided in advance that the contract should be closed by the execution of á release of this scope it can not be that the company, when it signed the release, understood that some other or lesser release was contemplated. It must have understood that it was the release required by the contract — a release intended to be of all claims of any kind or description under or by virtue of the contract, and that the form of words which the Secretary had approved was used to express that purpose. * * * It is only by reason of the performance of the contract in the construction of the vessel that these claims arise. But for the contract, and the construction of the vessel under it; there would be no such claims. * * * If parties intend to leave some things open and unsettled their intent so to do should be made manifest.”
' That language evidently has reference to the contract and its requirements and therefore when the contract in terms provides that the reserve or final payment will be made “ when all the conditions, covenants, and provisions of said contract shall have been performed and fulfilled by and on the part of the party of the first part,” the claimant was, upon such payment, obligated to sign the release provided by the terms of the contract releasing the Government from “ all claims of any kind or description under or by virtue of said contract.” And, since the court in the case cited, holds *220 that the release of all claims growing out of the construction of the vessel — without which such claims would not have arisen — was a recognition of the contract and settled, as the court says, “ all disputes between the parties as to claims sued upon ” — including unliquidated claims — the Secretary of the Navy in respect thereto not only had the right to accept such release in the interest of the Government, but under the contract it was his duty to do so.
Therefore it must be held that, when the vessel was completed and the reserve paid, the rights of the parties were determined by the contract itself and not the language of the release. It follows that on the authority of the case cited the petition must be dismissed, which is accordingly done, and judgment is ordered to be entered for the defendants.